LAW OFFICES OF
# AARON RESNICK, P.A.
ATTORNEY AND COUNSELOR

Telephone: 305.672.7495
Facsimile: 305.672.7496
E-Facsimile: 866.606.6343
Email: info@thefirmmiami.com

Thursday, February 03, 2011

New World Tower
100 North Biscayne Boulevard
Suite 1607
Miami, Florida 33132

**VIA FACSIMILE [973.383.7349] AND ELECTRONIC MAIL [dan@marhesefirm.com]**

Daniel Marchese, Esq.
93 Spring Street
Suite 300
Newton, NJ 07860

**RE: Maya Swimwear, LLC v. Maya Swimwear, Corp. and Carolina Dinardi**

Dear Mr. Marchese,

As you know, we represent the interests of Maya Swimwear, LLC ("Maya"). We have been instructed to file suit against Maya Swimwear, Corp. and Carolina Dinardi here in Miami for Florida's Uniform Trade Secrets Act (the "Act") and conspiring to violate the Act.

We understand that your clients have hired Christina Pino, a former employee of Maya and personal assistant to one of its principals Todd Ford. Ms. Pino's duties included marketing and publicizing Maya. Maya provided her confidential business and client information to facilitate the efficiency of Maya's business operations, marketing and publication efforts. Maya has expended large amounts of time, effort, resources and money in developing its customer lists, its successful sales and marketing techniques, and creating goodwill. But for Maya providing Ms. Pino with employment and access to these protected resources, your client would not have known this information or would have had access to it.

Maya's customer and client lists and information are confidential proprietary interests of Maya. In addition, the information of its fans, guests and friends on Facebook were and are confidential proprietary interests of the company. Your clients have obtained that information from Ms. Pino and they are now using it in business.

We have been advised that your clients, with the assistance of Ms. Pino, have misappropriated our client's trade secrets and confidential information. Your client's mass-emails, through Maya's Facebook Fan Page, to Maya's Fans is unauthorized and improper use of Maya's confidential proprietary information and it is being done with the sole intent to usurp business opportunities and compete with Maya's existing customers.

We have been retained to file suit against your clients for violating the Act, stealing our client's trade secrets and tortiously interfering with our client's business and business relationships. Under Florida law, "trade secret" means "information, including a formula, pattern, compilation, program, device, method, technique, or process" that:

> (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

*See* Section 688.002(4), Florida Statues. Trade secret misappropriation is defined as, among other things, an "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means." § 688.002(2), Fla. Stat. Clearly, that is the case here.

Florida courts have routinely held that customer lists and client information are entitled to trade secret protection. *See Clark v. Florida,* 670 So. 2d 1056, 1057 (Fla. 2d DCA 1996); *Merrill Lynch v. Hagerty,* 808 F. Supp. at 1558 (customer information such as Merrill Lynch's customer lists used to solicit are trade secrets and hold legitimate business interests requiring protection). *Sethscot Collection, Inc. v. Drbul,* 669 So. 2d 1076 (Fla. 3d DCA 1996) (granting an injunction barring former employee from using customer list to compete with former employer). In addition, Florida courts have found that customer lists and customer information are protected, even in the absence of an express written agreement signed by the defendant. *Lee v. Cercoa, Inc.,* 433 So. 2d 1, 2 (Fla. 4th. DCA 1983) (where an employee acquires, during the course of his employment, information developed by his employer, the employee is under a duty, even in the absence of an express contractual provision, not to disclose such information to the detriment of his employer or any previous employer); *Unistar Corp. v. Child,* 415 So. 2d 733, 734 (Fla. 3rd DCA 1982) (Customer list created by "screening down some 12,000 known planners." protected as a trade secret); *Erik Electric. Co., Inc. v. Elliot,* 375 So. 2d 1136, 1137 (Fla. 3rd DCA 1979) (" [C]ustomer lists distilled from various other lists" protected as a trade secret). Even if the Court were for some reason to determine that some of information does not constitute trade secrets, our client has a legitimate business interest in the materials as confidential business information. See § 542.335(1)(b)2; *American Residential Servs., Inc. v. Event Technical Services, Inc.,* 715 So. 2d 1048 (Fla. 3d DCA 1998).

Our client took reasonable steps to protect the confidential nature of its trade secrets and other confidential and proprietary information and your client has stolen it in concert with Ms. Pino. We will be filing an action to seek an injunction against you in addition to a claim for damages.

Please note that Chapter 812 of the Florida Statutes also addresses the theft of trade secrets. Specifically, § 812.081(2) provides a *criminal penalty* for its violation:

> Any person who, with intent to deprive or withhold from the owner thereof the control of a trade secret, or with an intent to appropriate a trade secret to his or her own use or to the use of another, steals or embezzles an article representing a trade secret or without authority makes or causes to be made a copy of an article representing a trade secret is guilty of a felony of the third degree, punishable as provided in s. 775.082 or s. 775.083.

It is hereby demanded your client (i) turn over all information provided to your client by Ms. Pino, (ii) cease contact with Maya's social networks, Facebook fans and customer, (iii) return any tangible customers lists, (iv) destroy any electronic proprietary information, and (v) otherwise cease using Maya's confidential information, proprietary interests or customer lists. If your client does not comply by February 7, 2011, we have been instructed to pursue all available remedies under the law. In addition, your clients must terminate its relationship with Ms. Pino, provide a letter signed under oath that is not using any information provided by Ms. Pino, and further agree that it will not attempt to contact any of Maya's customers that were on the stolen list, or use any other proprietary information obtained by Ms. Pino while she worked with our client, including sales and marketing techniques.

Let us be clear, your clients' malicious actions have caused Maya irreparable damages and they will be held liable for all proximate consequences and damages that stem from such actions. There will be no further warnings.

Please contact the undersigned immediately and advise of your intentions. We are happy to work with you to get immediate resolution of this matter.

If not, we will proceed accordingly.

Regards,

Aaron Resnick, Esq.

cc: Client